

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Shelby Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. 0-6126
Re: Constitutionality of Senate Bill
No. 69 and House Bill No. 431,
Special Laws, Regular Session,
32nd Leg., 1911, being special
road laws for Jefferson County.

We acknowledge your opinion request which reads as follows:

"Please furnish an opinion as to the constitutionality of the section referred to which refers to the compensation of Five ($5.00) Dollars daily for services actually performed by county commissioner when acting as road commissioner, and performing the duties imposed upon him by law or by the Commissioners' Court.

"In our county, the several commissioners have the usual road foremen in charge of the different work on the roads and the bridges, and have tendered a claim to the Auditor for compensation of Five ($5.00) Dollars daily as is provided in section 3. Our question involves the right of the commissioners to receive this additional compensation over and above their usual compensation paid them as county commissioners.

"The county commissioners of Jefferson county were designated and created road commissioners by Senate Bill No. 69 of the 32nd Legislature, 1911, as well as the Bill above referred to, House Bill No. 431, and it

ICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIS

Hon. Shelby Long - Page 2

is in this capacity that they base their claim for
Five ($5.00) Dollars per day on actual services
- performed as designated in section 3 of House Bill
No. 431."

The acts which you refer to are Senate Bill No.69,
Chapter 7, page 50 and House Bill No. 431, Chapter 24, page 167,
Special and Local Laws, Regular Session, 32nd Legislature, 1911.
The first act S. B. No. 69 merely constitutes each member of the
Commissioners'Court a road commissioner of his respective dis-
trict.  The second act H. B. No. 431 contains the provision for
payment of $5.00 a day to each county commissioner, when acting
as road commissioner "for services actually performed" not
to exceed one hundred ($100.00) per month, which shall be paid
out of the road and bridge fund, when the account shall have been
approved by the Commissioners' Court.  We have heretofore held
that House Bill No. 431 was constitutional.  See Opinion No.
0-3992 issued by this department October 7, 1941, copy of which
is attached.

In the case of Quinn v. Johnson, County Judge, et
al, 91 S. W. (2d) 499 (1936), writ of error dismissed, the Beaumont
Court of Civil Appeals held that House Bill No. 528, Chapter 161,
General and Special Laws, 40th Legislature (1940), supplements
House Bill No. 431, Chapter 24, Acts of 32nd Legislature (1911)
by providing that the Commissioners' Court of Jefferson County
may purchase automobiles for use of county commissioners when
acting as road supervisors.  The court in that opinion upheld the
validity of the supplementary act authorizing the purchase of
automobiles and in effect held that both of the special acts were
constitutional under Article 8, Section 9 of the Texas Con-
stitution, which provides that "the Legislature may pass local
laws for the maintenance of the public roads and highway, without
the local notice required for special or local laws."  The Court
said:

"Under the authority of the above cases, we
have no doubt that the special Jefferson county road
law assailed in this suit is constitutional.  It purports
to deal only with the matter of providing transportation
for the limited use of the members of the commissioners'
court in maintaining and keeping open an efficient system
of roads and while engaged in supervising the highway
system of the county for such purpose.  The special road
law of Jefferson county, of which the particular act
in question is but supplementary, imposes numerous duties
upon the commissioners as supervisors of roads which are

Hon. Shelby Long - Page 3

not imposed upon them as commissioners by the general law. The Legislature, in passing the special act in question, recognized that certain peculiar conditions exist within Jefferson county which justify the county in furnishing modes of conveyance to the commissioners as an aid to them in discharging efficiently their duties as road supervisors."

The Beaumont Court in reaching its conclusion as to the constitutionality of House Bill No. 431, Chapter 24, Acts of 32nd Legislature (1911) relied upon the case of Crow, et al, vs. Tinner, 47 S. W. (2d) 391, by the Waco Court of Civil Appeals, which was adopted by the Supreme Court in Tinner v. Crow, 124 Tex. 368, 78 S. W. (2d) 588. In writing the opinion for the Waco Court, Justice Alexander, who is now Chief Justice of the Supreme Court, held constitutional a special law for Hill County which authorized the Commissioners' Court to reimburse county commissioners from the Road and Bridge fund for all expenses incurred by them in operating their private automobiles when inspecting the roads of the county.

The decisions above mentioned are not at variance with the opinion of the El Paso Court of Civil Appeals in Jameson v. Smith, 161 S. W. (2d) 520. The Act (Art. 2350m, note, Vernon's Annotated Civil Statutes) involved in that case was a socalled "bracket law" which was passed as a general law and not as a special road law and it imposed no new or added duties on the Commissioners for which the Legislature was authorized to provide reimbursement or compensation. The special road laws for Jefferson County which you inquire about do impose added and new duties on the Commissioners which are not imposed by general law. See our Opinion No. O-5328, relating to a special road law for Galveston County, copy of which is attached hereto.

You are, therefore, advised that both of the special acts inquired about are constitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Fagan Dickson
Fagan Dickson
Assistant

FD:BT

APPRO
OPIN
COMMI
BY C
CHAIR